IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ARUN BATTAN,                                    08-CV-707-BR

       Plaintiff,

                                    OPINION AND ORDER

v.

ALLWEST UNDERGROUND, INC., a
Washington corporation,

       Defendant.


ARUN BATTAN
P.O. Box 17426
Portland, OR 97217
(503) 267-2662

       Plaintiff, *Pro Se*

AMY JOSEPH PEDERSEN
RYAN S. GIBSON
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9408

       Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Allwest Underground, Inc.'s Motion to Dismiss (#3).  For the reasons that follow, the Court **GRANTS** Defendant's Motion.


<u>BACKGROUND</u>

The following facts are taken from the Complaint:

On August 22, 2005, Defendant hired Plaintiff Arun Battan as a driver.

On October 13, 2007, Plaintiff suffered an on-the-job injury and informed Defendant of his intent to file a worker's compensation claim.

In January 2007, Plaintiff used vacation and leave time to care for an ill family member.

On January 25, 2007, Defendant terminated Plaintiff's employment.

On March 13, 2008, Plaintiff filed an action in Multnomah County Circuit Court against Defendant in which he alleged Defendant (1) terminated Plaintiff's employment because he filed a worker's compensation claim in violation of Oregon Revised Statute § 659A.040; (2) terminated Plaintiff's employment because of his race in violation of Oregon Revised Statute § 659A.030(1)(a); and (3) wrongfully discharged Plaintiff in violation of Oregon common law based on "his right to employment

without regard to race."  On May 15, 2008, Plaintiff served
Defendant with the complaint and summons.  On June 11, 2008,
Defendant removed the matter to this court on the basis of
diversity jurisdiction.

On June 13, 2008, Defendant filed a Motion to Dismiss.  On
June 20, 2008, the Court issued an Order in which it advised
Plaintiff any response to Defendant's Motion to Dismiss was due
June 30, 2008.  Plaintiff did not file a response.

On July 9, 2008, the Court issued an Order advising the
parties it would take Defendant's Motion to Dismiss under
advisement on July 14, 2008.


**STANDARDS**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for
failure to state a claim is proper only if the pleadings fail to
allege sufficient facts to establish a plausible entitlement to
relief.  *Bell Atlantic v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955,
1964-65 (2007).

> While a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions, and a
> formulaic recitation of the elements of a cause of
> action will not do.  Factual allegations must be
> enough to raise a right to relief above the
> speculative level on the assumption that all the
> allegations in the complaint are true (even if
> doubtful in fact).

3 - OPINION AND ORDER

*Id.*  The court must accept as true the allegations in the complaint and construes them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).  "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)).

Before dismissing a *pro se* litigant's complaint, the "*pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint cannot be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Lab.,* 622 F.2d

458, 460 (9th Cir. 1980)(*per curiam*)).  If a *pro se* litigant is
given leave to amend the complaint, the court must set out the
complaint's deficiencies to assist the litigant in avoiding
repetition of his or her errors.  *Karim-Panahi v. Los Angeles
Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).


## **DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint on the
grounds that (1) Plaintiff's claims under Oregon Revised Statutes
Chapter 659A are untimely; (2) termination on the basis of race
is not a basis for a wrongful-discharge claim under Oregon common
law; and (3) Plaintiff has an adequate statutory remedy under
Oregon Revised Statute § 659A.885 and, therefore, he may not
bring a claim for wrongful discharge under Oregon common law.

**I.   Plaintiff's claims for discrimination in violation of Oregon
       Revised Statutes §§ 659A.040 and 659A.030(1)(a).**

Oregon Revised Statute § 659A.875 requires:

> (1) a civil action . . . alleging an unlawful
> employment practice must be commenced within one
> year after the occurrence of the unlawful
> employment practice unless a complaint has been
> timely filed [with BOLI] under ORS 659A.820.
>
> (2) A person who has filed a complaint under ORS
> 659A.820 must commence a civil action . . . within
> 90 days after a 90-day notice is mailed to the
> complainant.

Although Plaintiff did not file this action within one year
of his termination, he filed a complaint with BOLI in accordance

with the requirements of Oregon Revised Statute § 659A.820.  BOLI mailed Plaintiff a 90-day notice letter on December 13, 2007. Plaintiff, however, filed this action on March 13, 2008, which is 91 days after BOLI sent the 90-day notice letter; *i.e.*, Plaintiff did not file his Complaint in this matter within the 90 days required under § 659A.875.

In addition, if a plaintiff serves a defendant more than 60 days after the filing of the complaint, under Oregon law the action is considered commenced on the date of service rather than on the date the complaint was filed.  Or. Rev. Stat. § 12.020(2).  As noted, Plaintiff filed his complaint on March 13, 2008.  Plaintiff, however, did not serve Defendant until May 15, 2008, which is 63 days after the date Plaintiff filed his complaint.  Pursuant to § 12.020(2), therefore, Plaintiff did not commence this action until May 15, 2008, which is 154 days after BOLI sent Plaintiff the 90-day notice letter.

The Court, therefore, concludes Plaintiff's claims for discrimination pursuant to §§ 659A.040 and 659A.030(1)(a) are untimely under § 659A.875(2) because Plaintiff did not commence this action within 90 days from the date BOLI sent Plaintiff a 90-day notice letter.

Accordingly, the Court grants Defendant's Motion to Dismiss as to these claims.

## II.  Plaintiff's claim for wrongful discharge under Oregon common law.

Under Oregon law, an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement.  *Patton v. J. C. Penney Co.*, 301 Or. 117, 120 (1986).  The tort of wrongful discharge is a narrow exception to this general rule.  *See Sheets v. Knight*, 308 Or. 220, 230-31 (1989).  The tort of wrongful discharge was not intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question is unacceptable and no other remedy is available.  *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1128 (D. Or. 1998)(citing *Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 351-52 (1977)).

Oregon courts have recognized two circumstances that give rise to the common-law tort of wrongful discharge:  (1) discharge for exercising a job-related right of important public interest and (2) discharge for complying with a public duty.  Examples of the first category include discharge for filing a worker's compensation claim, *Brown v. Transcon Lines*, 284 Or. 597 (1978), and resisting sexual harassment by a supervisor, *Holien v. Sears, Roebuck & Co.*, 298 Or. 76 (1984).  Examples of the second category include discharge for serving on jury duty, *Nees v. Hocks*, 272 Or. 210 (1975); for reporting patient abuse at a

7 - OPINION AND ORDER

nursing home, *McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or. App. 107 (1984); and for refusing to sign a false report regarding a fellow employee's work-related conduct, *Delaney v. Taco Time International Inc.*, 297 Or. 10 (1984).

Here Plaintiff alleges in his Complaint that his wrongful-discharge claim is based on his "right to employment without regard to race."  Under Oregon law, however, "a wrongful discharge claim is not available to a plaintiff who alleges that she was discharged in violation of a right in contrast to being discharged for pursuing that right."  *Dunn v. CSK Auto, Inc.*, No. CV-05-116-HU, 2006 WL 1491444, at *6 (D. Or. May 22, 2006).  For example, in *Cross v. Eastlund*, the Oregon Court of Appeals held the plaintiff, who claimed to have been discharged because of pregnancy, did not have a wrongful-discharge claim because she did not assert she pursued any right, but only that she was discharged in violation of a right.  103 Or. App. 138, 142 (1990).  *See also Kofoid v. Woodard Hotels, Inc.*, 78 Or. App. 283, 287-88 (1986)("A discharge because of sex is not within any of the pursuance of rights or obligations exceptions to the rule of at will discharge, and it is clear that the Supreme Court has not yet recognized common law actions for wrongful discharge other than those exceptions. . . .  In all other cases, the statutory action is the only remedy, in addition to the administrative complaint procedure available through the Bureau

of Labor.").

The Court, therefore, concludes Plaintiff has not stated a claim for wrongful discharge under Oregon common law. Accordingly, the Court grants Defendant's Motion to Dismiss as to Plaintiff's wrongful-discharge claim.

**III. Even if Plaintiff intended to bring a claim that he was wrongfully discharged because he was pursuing his right to be free from racial discrimination, Plaintiff may not proceed on that claim because his remedies under § 659A.030(f)(1) are adequate.**

To the extent Plaintiff intended to bring his wrongful-discharge claim on the grounds that his employment was terminated in retaliation for pursuing his right to be free from racial discrimination, the Court concludes Plaintiff may not bring that claim here.

As noted, the tort of wrongful discharge was not intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question is unacceptable and no other remedy is available. *Draper*, 995 F. Supp. at 1128 (citing *Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 351-52 (1977)). "The underlying purpose of that tort in this state is not to vindicate individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests." *Id.* at 1130. Thus, the court in *Draper* concluded a claim for common-law wrongful

discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question or (2) the legislature has intentionally abrogated the common-law remedies by establishing an exclusive remedy regardless whether the courts perceive that remedy to be adequate. *Id.* at 1130-31.

When determining whether a plaintiff may proceed on a claim of wrongful discharge under state common law at the same time that he pursues claims of retaliation and discrimination under Oregon Revised Statute § 659A.030 based on the same facts, "the question is not whether the remedy [under § 659A.030] is 'the best possible remedy' or 'identical to the tort remedy' but merely whether it is sufficient to 'adequately protect the employment related right.'" *Id.* at 1134 (quoting *Carlson v. Crater Lake Lumber Co.*, 103 Or. App. 190, 193 (1990)).

In *Holien v. Sears, Roebuck and Co.*, the Oregon Supreme Court held the plaintiff could bring her wrongful-discharge claim under state common law because Oregon Revised Statute § 659.121[1] did not provide an adequate remedy in a sexual-harassment retaliation case. 298 Or. 76, 98 (1984). In *Holien*, the court found § 659.121, provided insufficient remedies "to capture the personal nature of the injury done" to the plaintiff and failed "to appreciate the relevant dimensions of the

---

[1] Oregon Revised Statutes Chapter 659 is the precursor to Oregon Revised Statute § 659A under which Plaintiff brings his Oregon statutory claims.

problem." *Id.*  The court concluded available remedies of
reinstatement, back pay, and injunction could not adequately
compensate a plaintiff.  *Id.* at 1303-04.

After *Holien*, the Oregon Court of Appeals in *Carlson v.*
*Crater Lake Lumber Company* held claims by three members of a
family who were discharged after a fourth family member resisted
sexual harassment did not fall under the wrongful-discharge
exception.  103 Or. App. 190, 196 (1990), *modified on other*
*grounds by* 105 Or. App. 314 (1991).  The court found the remedy
for such a discharge was adequate under existing Oregon statutes
and the potential injuries inflicted were not "the kind of
'personal injury' that *Holien* described."  *Id.*

In *Thomas v. City of Beaverton*, 379 F.3d 802 (9th Cir.
2004), the Ninth Circuit relied on *Carlson*.  In *Thomas*, the
plaintiff alleged she was discharged in retaliation for opposing
her employer's discriminatory practices based on race.  The
plaintiff brought retaliation claims against her employer based
on violations of Title VII and Oregon Revised Statute § 659A.030
as well as a claim of wrongful discharge under Oregon common law.
*Id.* at 807.  The district court granted summary judgment to the
defendant.  The Ninth Circuit affirmed the district court's grant
of summary judgment as to the plaintiff's wrongful-discharge
claim under state common law.

> Even assuming that the City discharged [the
> plaintiff] in retaliation for her opposition to

11 - OPINION AND ORDER

> retaliation against Perry, [the plaintiff] did not
> suffer the kind of personal injury that would
> warrant providing a common law remedy of wrongful
> discharge in addition to the existing state and
> federal statutory remedies for retaliation.

*Id.* at 813 (citing *Carlson*, 103 Or. App. at 196).[2]  The Ninth

Circuit concluded the plaintiff could not bring a retaliation

claim based on common-law wrongful discharge because her injuries

did not require further remedy and the existing state and federal

statutory remedies for retaliation were adequate.

Thus, *Thomas* stands for the proposition that a common-law

wrongful-discharge claim based on retaliation is not available

in Oregon when adequate remedies exist under Title VII or

§ 659A.030.  Other decisions in this district are consistent with

*Thomas*.  *See, e.g., Speed v. Adidas Am., Inc.*, No. 04-CV-1430-PK,

2006 WL 897978, at *13 (D. Or. Apr. 6, 2006)(an employee's

wrongful-discharge claim was not available because "under *Draper*,

an existing remedy exists that adequately protects the public

interest; *i.e.*, the remedies provided under the FMLA/OFLA and

Title VII."); *Rice v. Comtek Mfg. of Or., Inc.*, 766 F. Supp.

1544, 1546 (D. Or. 1990)(the plaintiff did not have an "action

for wrongful discharge at common law" because § 659.030(1)(f)

---

[2] The Court notes the Ninth Circuit declined to review the
district court's grant of summary judgment as to the plaintiff's
claim under Oregon Revised Statute § 659A.030 because the
plaintiff failed to make a specific, distinct argument or to
establish the elements of the statutory claim even though, as the
court noted, the plaintiff probably had stated a claim under the
statute.  *Draper,* 995 F. Supp. at 812 n.5.

provided the plaintiff with an adequate remedy).

The Court notes some decisions in this district have relied on a more recent Ninth Circuit case, *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018 (9th Cir. 2006), to support the proposition that a common-law wrongful-discharge claim is available in tandem with state and federal retaliation claims. *See, e.g., Williams v. Home Depot U.S.A., Inc.*, No. 04-CV-1377-ST, 2006 WL 1005076, at *7 (D. Or. Apr. 13, 2006); *Cox v. Vanport Paving, Inc.*, No. 05-CV-527-HU, 2006 WL 1582302, at *5 (D. Or. June 2, 2006). *Cornwell*, however, did not overrule *Thomas*. In *Cornwell*, the district court granted summary judgment to the defendants as to the plaintiff's retaliation claims brought under § 659A.030 on the ground that the plaintiff did not establish a genuine issue of material fact existed "as to whether the true reason for his demotion or termination was race discrimination or that the [defendant's] stated reasons were false." *Id.* at 1031. The district court also granted summary judgment as to the plaintiff's common-law wrongful-discharge claim on the ground that the plaintiff did not establish a genuine issue of material fact existed as to whether he "was terminated because he resisted discrimination." *Id.* at 1035. The Ninth Circuit affirmed the district court's decision to grant summary judgment to the defendant as to the plaintiff's retaliation and wrongful-discharge claims. The Ninth Circuit also noted a statutory

retaliation claim and a common-law wrongful-discharge claim require "a similar showing" of facts. *Id.* at 1035. The Ninth Circuit, however, did not reach the issue whether a wrongful-discharge claim would have been available to the plaintiff if his wrongful-discharge, state retaliation, and federal retaliation claims had survived summary judgment. Thus, *Thomas* still controls in the absence of an Oregon Supreme Court decision giving contrary guidance.

The Court notes, nevertheless, plaintiffs have been permitted to proceed in this district with their wrongful-discharge claims under Oregon common law on the ground that other remedies were viewed as inadequate. For example, in some cases the Court found Title VII, 42 U.S.C. § 1981a(a)-(b), was not an adequate remedy because it caps compensatory and punitive damages and in other cases the Court found Oregon Revised Statute § 659A.030(1)(f) was not an adequate remedy because it limits recovery to economic damages. As the Court in *Draper* concluded, however, "the question [whether a wrongful-discharge claim is available] is not whether the existing remedy is 'the best possible remedy' or 'identical to the tort remedy' but merely whether it is sufficient to 'adequately protect the employment related right.'" *Id.* at 1134 (quoting *Carlson*, 103 Or. App. at 193). Moreover, "[d]istrict courts are, of course, bound to the law of their own circuit." *Zuniga v. United Can Co.*, 812 F.2d

14 - OPINION AND ORDER

443, 450 (9th Cir. 1987).

Here, however, the Court points out that the Oregon Legislature enacted House Bill 2260 in 2007, which added § 659A.030 to the list of provisions for which a jury trial and compensatory and punitive damages are available.  House Bill 2260 became effective on January 1, 2008, and applies to "actions commenced on or after the effective date of this 2007 Act." Plaintiff commenced this action on May 15, 2008, and, therefore, the expanded remedy provisions of HB 2260 apply to Plaintiff's race-discrimination claim.

Thus, this Court, following *Thomas* and in light of the expanded damages provisions enacted in HB 2260, concludes Plaintiff's wrongful-discharge claim under Oregon common law is not available because § 659A.030(1)(f) provides adequate remedies to the extent Plaintiff intended to base his claim on wrongful discharge in retaliation for pursuing his right to be free from racial discrimination.

Accordingly, the Court grants Defendant's Motion to Dismiss as to this claim.


**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss (#3).  Because Plaintiff appears *pro se*, however, the Court grants Plaintiff leave to amend his Complaint to cure the

15 - OPINION AND ORDER

deficiencies as set out in this Opinion and Order no later than
October 10, 2008.

IT IS SO ORDERED.

DATED this 5th day of September, 2008.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER